IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JEANIE HOLMES,

        Plaintiff,

v.                                        CIVIL ACTION NO.  2:12-cv-1206

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Motion for Summary Judgment Based upon Bankruptcy Judicial Estoppel [ECF No. 77] ("Motion for Summary Judgment") filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion is **DENIED without prejudice**.

I.     **Background**

This action involves an Illinois plaintiff who was implanted with a mesh product manufactured by Ethicon, Tension-free Vaginal Tape ("TVT"), on January 14, 2010, at Heartland Regional Medical Center, Marion, Illinois, by Dr. Scott A. Joyner. Am. Short Form Compl. [ECF No. 25] ¶¶ 1–12. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are approximately 45,000

cases currently pending, approximately 30,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiff's case was selected as an "Ethicon Wave 1 case."

II. **Legal Standards**

   A. **Summary Judgment**

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most

favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

III. Analysis

Ethicon argues it is entitled to summary judgment because Ms. Holmes lacks standing or should be judicially estopped from bringing her MDL claims because she did not properly disclose or schedule the claims during her Chapter 7 and Chapter 13 bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Illinois. Development of these issues is best left to the district court where

3

the bankruptcy was filed. That court, through the withdrawal or referral process, and with the debtor's counsel resident in that district, will have the necessary tools at its disposal to fully develop the record on this matter and secure any necessary rulings or further helpful information from the Article I bankruptcy court. The parties in this case have agreed that proper venue resides in the United States District Court for the Southern District of Illinois. Thus, Ethicon's Motion is **DENIED without prejudice** so that Ethicon may raise these issues after this case is transferred to the local district court.

### IV. Conclusion

For the reasons discussed above, the court **ORDERS** that Ethicon's Motion for Summary Judgment [ECF No. 77] is **DENIED without prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 13, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE